UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| ex rel. BYIA BRUCE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 07 C 7072 |
| | ) | |
| TERRY McCANN, Warden, | ) | Judge Ruben Castillo |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION AND ORDER

Byia Bruce ("Petitioner"), an inmate at Stateville Correctional Center, is serving a life sentence for two counts of first degree murder. He has filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") challenging his conviction and sentence. Warden Terry McCann ("Respondent") argues that the Petition should be denied because Petitioner's claims are procedurally defaulted, are not cognizable in this proceeding, or fail on the merits. (R. 13, Resp.'s Ans.) For the reasons stated below, the Petition is denied.

## BACKGROUND

In December 2003, following a jury trial, Petitioner was convicted of two counts of first degree murder based on his involvement in the shooting deaths of Robert Anderson ("Anderson") and George Watkins ("Watkins") at a liquor store on Chicago's south side.[1] (R. 14, Record, Ex. A, Ill. App. Ct. Order dated June 23, 2006, at 1-2.) As recounted in Petitioner's

---

[1] The Court has gleaned the facts of this case from the Petition and portions of the state court record Respondent provided pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

1

statement to police, a few days before the murders, Petitioner was at a residence on the south side when a man known in the neighborhood as "Cat Eyes" told a man known as "Pig" that he had been pistol-whipped by Anderson. (*Id.* at 7.) Cat Eyes told Pig that he was going to kill Anderson for pistol-whipping him. (*Id.*) A few days later, on June 16, 1998, Petitioner was at 5939 South Laflin with Pig and another individual, J.D. Seals ("J.D."). (*Id.*) The Illinois appellate court summarized what happened next:

> Cat Eyes approached and told them that Anderson was at the liquor store at 60th and Ashland. Cat Eyes told Pig to 'go get that Tech.' Pig went to the back of the house and returned with a Tech 9 millimeter gun. Pig tried to hide the gun in his shirt, but it was too big. Pig asked J.D. if he could hide the gun under the pillow upon which J.D. sits in his wheelchair. J.D. agreed, and Pig placed the gun under the pillow.
>
> Defendant stated that Cat Eyes told them he was going to kill Anderson, that he was going to go through the alley and come up behind the liquor store, and that when they saw him, they were to come across Ashland to the store with the gun in the wheelchair. Pig told defendant to push the wheelchair to the liquor store, and defendant agreed. Pig's job was to hold the door of the liquor store open so that Cat Eyes could shoot Anderson.
>
> Defendant stated that the entire group walked down to 60th and Justine, and that Cat Eyes then walked off by himself toward 61st Street. At 60th and Justine, defendant, J.D., and Pig met up with 'Butter' and his brother 'Little J.' J.D. then took off his jewelry and told Little J. that 'it's going down.'
>
> Defendant stated that he pushed J.D. in his wheelchair to the corner of 60th and Ashland. Pig walked alongside. Defendant waited in front of a fire station until he and Pig saw Cat Eyes in the vacant lot next to the liquor store. At that time, defendant pushed J.D. in his wheelchair across Ashland. Butter then pushed J.D. in front of the liquor store. Cat Eyes came out from the side of the building, and Pig took the gun out of the wheelchair and handed it to Cat Eyes. Pig opened the door to the liquor store and told defendant to run. Cat Eyes took one step inside the liquor store and fired the gun twice.

(*Id.* at 7-8.) Anderson and Watkins, who was also at the liquor store that night, were both killed. (*Id.* at 9.)

Petitioner was convicted under an accountability theory[2] for his involvement in the murders and sentenced to life in prison. (*Id.* at 9.) He appealed his conviction and sentence, and on June 23, 2006, the Illinois appellate court affirmed. (*Id.* at 1-25.) Petitioner thereafter filed a petition for leave to appeal ("PLA") before the Illinois Supreme Court, which was denied. (*Id.*, Ex. G, PLA; *Id.*, Ex. H, Ill. Sup. Ct. Order.)

On December 17, 2007, Petitioner filed the instant Petition raising five claims: (1) his inculpatory statements should have been suppressed because the waiver of his *Miranda* rights was not knowing and voluntary; (2) the trial court's admission of a written statement from an eyewitness violated his rights under the Confrontation Clause of the Sixth Amendment; (3) misconduct by the prosecutor during closing argument violated his Fourteenth Amendment right to a fair trial; (4) the trial judge's failure to properly respond to an inquiry from the jury violated his right to a fair trial; and (5) the life sentence imposed was excessive and disproportionate to his offense. (R. 1, Petition at 1-60.)

Respondent argues that the Petition should be denied because the first four claims are procedurally defaulted or fail on the merits, and the final claim is either procedurally defaulted or not cognizable in this federal habeas proceeding. (R. 13, Resp.'s Ans. at 11-36.) Petitioner has filed a reply, arguing that any procedural default should be excused based on ineffective

---

[2] The Illinois criminal code provides in pertinent part: "A person is legally accountable for the conduct of another when . . . [e]ither before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense." 720 ILCS 5/5-2.

3

assistance of his counsel in the state proceedings, and that his claims warrant relief on the merits. (R. 19, Pet.'s Reply. at 1-6.) Upon review, this Court ordered Respondent to file a supplemental brief addressing Petitioner's ineffective assistance of counsel argument, and that brief is now apart of the record.[3] (R. 24, Resp.'s Supp. Br.)

## LEGAL STANDARDS

This Petition is governed by the provisions of the Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court can only grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim---
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under this deferential standard, a federal habeas court must "attend closely" to the decisions of state courts and "give them full effect when their findings and judgments are

---

[3] Upon this Court's order, Respondent also filed additional portions of the state court record. (R. 28.)

consistent with federal law." *Williams v. Taylor*, 529 U.S. 362, 383 (2000). A state court decision is "contrary to" federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court or if the state court reaches an opposite result in a case involving facts materially indistinguishable from relevant Supreme Court precedent. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal court may grant habeas relief under the "unreasonable application" clause if the state court identifies the correct legal principle from Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively unreasonable." *Id.*

## ANALYSIS

### I. *Miranda* Claim

Petitioner first claims that his inculpatory statement to police should have been suppressed because he did not knowingly and voluntarily waive his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). (R. 1, Petition at 18.) Respondent argues that this claim is procedurally defaulted because Petitioner failed to raise it in his PLA to the Illinois Supreme Court. (R. 13, Resp.'s Ans. at 11.)

Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on concerns of comity; the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). For that opportunity to be meaningful,

5

the petitioner must "fairly present" his constitutional claims in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To satisfy this requirement, an Illinois prisoner like Petitioner must raise his claims in the Illinois appellate court as well as in a petition for discretionary review in the Illinois Supreme Court. *Boerckel*, 526 U.S. at 845; *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007). The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a habeas petition when either: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state law procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Perruquet*, 390 F.3d at 514. When a habeas petitioner fails to fairly present his claim to the state courts and the opportunity to raise that claim has now passed, the claim is procedurally defaulted. *Boerckel*, 526 U.S. at 853-54.

Upon review of the state court record, it is apparent that Petitioner did not raise the *Miranda* claim in his PLA to the Illinois Supreme Court. (R. 14, Record, Ex. G.) The claim is therefore procedurally defaulted. *Boerckel*, 526 U.S. at 853. In his reply, Petitioner nevertheless argues that he can establish "cause and prejudice" excusing his procedural default, because his appellate counsel was ineffective for failing to raise the *Miranda* claim in the PLA. (R. 19, Pet.'s Reply at 2-3.) A habeas petitioner can overcome a procedural default by showing both "cause"

6

for failing to abide by state procedural rules and a resulting "prejudice" from that failure.[4] *Wainright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). The Supreme Court defines cause sufficient to excuse procedural default as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986).

Attorney error rising to the level of ineffective assistance of counsel can constitute cause to set aside a procedural default. *Coleman*, 501 U.S. at 753-54; *Wrinkles*, 537 F.3d at 812. When a habeas petitioner seeks to excuse a procedural default by claiming ineffective assistance of counsel, the "cause and prejudice" test from *Wainwright* is replaced by the test for ineffective assistance set out in *Strickland v. Washington*, 466 U.S. 668 (1984). *Wrinkles*, 537 F.3d at 812; *see also Murray*, 477 U.S. at 479 ("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland* . . . there is no inequity in requiring him to bear the risk of attorney error that results in a procedural default."). Under *Strickland*, to establish ineffective assistance of counsel, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland*, 466 U.S. at 687; *Wrinkles*, 537 F.3d at 812. A "constitutionally deficient

---

[4] A habeas petitioner may also overcome a procedural default by establishing that the federal court's refusal to consider a defaulted claim on the merits would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman*, 501 U.S. at 750. Under this narrow exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's, for the state has the benefit of the jury's verdict." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). Petitioner does not argue that he can establish a fundamental miscarriage of justice, nor does it appear based on this Court's review of the record that Petitioner can satisfy this exacting standard.

performance is one that falls below an objective standard of reasonableness under prevailing professional norms." *Wrinkles*, 537 F.3d at 813. To show prejudice, the petitioner must establish that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Here, Petitioner cannot use a claim of ineffective assistance to excuse his procedural default. As an initial matter, Petitioner had no right to counsel in the filing of the PLA. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Wainright v. Torna*, 455 U.S. 586, 587 (1982). "Where there is no constitutional right to counsel there can be no deprivation of effective assistance." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). In other words, because Petitioner had no constitutional right to counsel in his discretionary petition to the Illinois Supreme Court, he cannot claim ineffective assistance of counsel based on counsel's failure to raise arguments in that petition. *See Anderson v. Cowan*, 227 F.3d 893, 901 (7th Cir. 2000).

Furthermore, the exhaustion doctrine requires that an ineffective assistance claim be presented to the state court as an independent claim before it may be used to establish cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000); *Murray*, 477 U.S. at 490. If the ineffective assistance claim itself was not raised in state court, "the petitioner will be fully defaulted." *Dellinger v. Bowen*, 301 F.3d 758, 766-67 (7th Cir. 2002). Here, Petitioner did not raise an ineffective assistance claim in any filing with the state court, and the claim is therefore procedurally defaulted. *Boerckel*, 526 U.S. at 853-54. Petitioner points to no reason for this second level of default, except to state generally that "he has not collaterally attacked his conviction and sentence because he was without assistance to do so." (R. 19, Reply at 6.)

8

Petitioner was not constitutionally entitled to the assistance of counsel in a post-conviction proceeding. *Coleman*, 501 U.S. at 752; *Finley*, 481 U.S. at 555. Nor would his *pro se* status or lack of knowledge of the law establish cause to excuse a procedural default. *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003) (*pro se* status does not excuse procedural default); *Dellinger*, 301 F.3d at 766 (youth and lack of education or ignorance of the law not sufficient to excuse procedural default). For these reasons, Petitioner has fully defaulted his *Miranda* claim, and the Court accordingly does not reach the merits of this claim.

## II. Confrontation Clause Claim

Petitioner next claims that the trial court's admission of a prior written statement and the grand jury testimony of eyewitness Corey Hicks ("Hicks") violated his rights under the Confrontation Clause of the Sixth Amendment. (R. 1, Petition at 29-30.) Specifically, Petitioner claims that he was denied the opportunity to effectively cross-examine Hicks because at trial Hicks testified that he could not remember making the handwritten statement or testifying before the grand jury. (*Id.* at 30.) The state appellate court determined that Petitioner waived this claim by failing to object at trial. (R. 14, Record, Ex. A at 12-13.) The court alternatively rejected the claim on the merits, finding no violation of Petitioner's Sixth Amendment rights, since Petitioner was only entitled to an opportunity for cross-examination, "not cross examination that is effective in whatever way, and to whatever extent, the defense might wish." (*Id.* at 13.) The court noted that Hicks testified at trial, and Petitioner was permitted to cross-examine him and elicit admissions about his prior convictions, his aliases, and his claimed inability to remember his prior statements. (*Id.*)

Respondent argues that this Court's review of the Confrontation Clause claim is barred by the adequate and independent state grounds doctrine. (R. 13, Resp.'s Ans. at 15.) Under that doctrine, federal habeas courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman*, 501 U.S. at 729. The independent and adequate state ground doctrine precludes federal review of a claim that the state court declined to address because the petitioner failed to comply with state rules of procedure. *Id.*

Here, the Illinois appellate court determined that Petitioner waived his Confrontation Clause claim by failing to object at the time of trial. (R. 14, Record, Ex. A, at 12.) Under Illinois law, both a trial objection and a written post-trial motion are necessary to preserve an issue for appellate review. *Aliwoli v. Gilmore*, 127 F.3d 632, 634 (7th Cir. 1997); *People v. Enoch*, 522 N.E.2d 1124, 1130 (Ill. 1988). If a claim is found to be waived by an Illinois appellate court, that constitutes an adequate and independent state ground, and a federal habeas court will not review the claim on the merits. *Rodriguez v. McAdory*, 318 F.3d 733, 735 (7th Cir. 2003); *Wright v. Walls*, 288 F.3d 937, 947 (7th Cir. 2002); *Aliwoli*, 127 F.3d at 634. The Illinois appellate court's subsequent consideration of the merits of Petitioner's Confrontation Clause claim does not change this result: "Even when both the merits of a claim and a state procedural bar are discussed together, the state procedural grounds will be determinative if they are clearly presented and they constitute an adequate independent ground for the denial of the [claim]." *Lee v. Davis*, 328 F.3d 896, 900 (7th Cir. 2003). Because the Illinois appellate court clearly concluded that Petitioner waived his Confrontation Clause claim, this claim is procedurally defaulted.

Although it is not entirely clear from Petitioner's *pro se* reply brief, it appears he may be arguing that ineffective assistance of counsel should excuse his procedural default of this claim as well.[5] As stated above with respect to the *Miranda* claim, Petitioner did not raise an independent ineffective assistance claim in the state proceedings, as he was required to do, and he is therefore "fully defaulted." *Dellinger*, 301 F.3d at 766-67. Accordingly, the Court does not reach the merits of the Confrontation Clause claim.

### III. Prosecutorial Misconduct Claim

Next, Petitioner claims that the prosecutor's statements during closing argument denied him a fair trial under the Fourteenth Amendment by: (1) mischaracterizing the testimony of a defense expert; (2) improperly calling him a "liar" and a "cheat"; and (3) improperly insinuating that certain witnesses refused to testify against Petitioner out of fear of retaliation. (R. 1, Petition at 43.) The state court determined that Petitioner waived his prosecutorial misconduct claim by failing to include it in his post-trial motion. (R. 14, Record, Ex. A at 15.) The court alternatively rejected the claim on the merits. (*Id.* at 15-21.)

For the same reasons discussed above as to the Confrontation Clause claim, this Court is barred from reviewing Petitioner's prosecutorial misconduct claim on the merits under the

---

[5] Petitioner's reply does not contain a cause and prejudice argument with respect to any claim other than the *Miranda* claim, and instead Petitioner states that he is relying on his "initial argument" with respect to the remaining claims. (R. 19, Petitioner's Reply at 4.) It is not clear whether he is referring to the argument made in his initial brief in support of his Petition, or the cause and prejudice argument made earlier in the reply brief in connection with the *Miranda* claim. Because this Court is required to give a liberal construction to Petitioner's filings, the Court will presume that Petitioner is arguing that ineffective assistance should excuse the procedural default of his other claims. *See Lieberman v. Thomas*, 505 F.3d 665, 671 (7th Cir. 2007) (habeas petitioner's *pro se* filings entitled to liberal construction). This argument nonetheless fails for the reasons stated above.

11

adequate and independent state grounds doctrine. Although Petitioner again makes a cursory reference to ineffective assistance of counsel excusing the procedural default of this claim, that argument fails for the same reasons articulated above.

## IV. Jury Question Claim

Next, Petitioner claims that the trial court violated his fair trial rights by improperly responding to a question from the jury. (R. 1, Petition at 47.) During deliberations, the jury sent a note to the trial judge asking, "If the decision is not unanimous, how long do we debate?" (R. 14, Record, Ex. A at 21.) After consulting with both the state's attorney and defense counsel, and obtaining their agreement, the trial court responded, "Your agreement on a verdict must be unanimous. Please continue to deliberate." (*Id.*) Petitioner contends that this was an improper response because it did not provide the jury with "any guidance for resolving the problem that prompted the question in the first place." (R. 1, Petition at 50.)

The Illinois appellate court determined that Petitioner waived review of this claim by failing to object at trial or raise the issue in his post-trial motion. (R. 14, Record, Ex. A at 21.) The court alternatively rejected the claim on the merits. (*Id.* at 21-22.) Once again, this Court is barred from reviewing the claim on the merits under the adequate and independent state grounds doctrine. Furthermore, Petitioner's argument that ineffective assistance of counsel would excuse his procedural default of this claim fails for the same reasons articulated above.

## V. Disproportionate Sentence Claim

Finally, Petitioner claims that his life sentence was excessive and disproportionate to his offense. (R. 1, Petition at 6, 54-59.) In his Petition, Petitioner asserts that the sentence violated both the Eighth Amendment of the U.S. Constitution and the Proportionate Penalties Clause of

the Illinois Constitution,[6] but his entire argument in support of the claim is premised on the Illinois Constitution. (*See id.* at 54-59.) Petitioner raised a claim challenging his life sentence in state court, but this claim was based entirely on the Illinois Constitution as well. (*See* R. 14, Record, Ex. B, Pet. Br. at 53-60; *id.*, Ex. D, Pet. Reply Br. at 26-27; *id.*, Ex. G, PLA at 9-12.)

In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law, or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Errors in state law are beyond the scope of federal habeas review. *Estelle*, 502 U.S. at 68; *see also Lechner v. Frank*, 341 F.3d 635, 642 (7th Cir. 2003) ("Federal habeas corpus relief does not lie for errors of state law."). Accordingly, Petitioner's claim based on the Illinois Constitution is not cognizable in this federal habeas proceeding. *See United States ex. rel. Hernandez v. Pierce*, 429 F. Supp. 2d 918, 929 (N.D. Ill. 2006) (petitioner's claim based on the Illinois Constitution was not cognizable in federal habeas proceeding).

Although Petitioner makes a passing reference to the Eighth Amendment, he does not offer any analysis of how his sentence violated the U.S. Constitution. More importantly, Petitioner did not raise an Eighth Amendment claim in his state filings, and so this claim would be procedurally defaulted in any event. To the extent Petitioner is arguing that the procedural default of this claim should be excused because of ineffective assistance of counsel, he did not raise an independent ineffective assistance claim in the state proceedings, and he is therefore "fully defaulted" on this claim. *Dellinger*, 301 F.3d at 766-67.

---

[6] The Proportionate Penalties Clause of the Illinois Constitution provides: "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const., art. 1 § 11.

13

## CONCLUSION

For all of these reasons, the Petition for Writ of Habeas Corpus (R. 1) is denied.

ENTERED: _____
Judge Ruben Castillo
United States District Court

Dated: February 25, 2009